IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARCO & MARTHA GONZALEZ**, *Plaintiff* v. **WRIGHT MANUFACTURING, INC.**, *Defendant* | Case No. 5:18-cv-03179-JDW |

# ORDER

**AND NOW,** this 16th day of October, 2019, upon consideration of the Defendant's Motion for Partial Summary Judgment (ECF No. 28), the Court, construing the facts and inferences in the light most favorable to the non-moving party (*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 600–01 (1986)), finds as follows:

1. The Complaint alleges that Plaintiff Marco Gonzalez suffered injuries while using a commercial mower defectively designed and manufactured by Defendant Wright Manufacturing, Inc. The Complaint further alleges that Wright Manufacturing's negligence and carelessness directly and proximately caused Mr. Gonzalez's injuries;

2. In its Motion, Wright Manufacturing argues that Plaintiffs' expert William Vigilante has opined that it took Mr. Gonzalez .6 seconds to make contact with the mower's blades and Plaintiffs' experts Michael Tarkanian and Donald Galler propose an alternative design that would have stopped the mower's blades in .78 seconds;

3. Wright Manufacturing interprets these opinions to mean that the design that Messrs. Tarkanian and Galler propose would not have prevented Mr. Gonzalez's injury because the mower's blades would not have stopped in .6 seconds;

4. Based on its interpretation of those expert opinions, Wright Manufacturing argues that the "record is completely devoid of any evidence showing or suggesting that such a defect caused the subject accidence since the alternative designs proposed by Plaintiff's own experts would not have prevented the subject accident" (ECF No. 28 at ¶ 25);

5. The Court disagrees with Wright Manufacturing's interpretation of the expert reports, however. Mr. Vigilante opines that Mr. Gonzalez would have fallen from the mower to the ground in approximately .6 seconds, not that Mr. Gonzalez's hand would have contacted the blades in that amount of time (ECF No. 28-5 at 17);

6. At the summary judgment stage, the Court's function is "not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.'" *Berrier v. Simplicity Mfg., Inc.*, 563 F.3d at 45 (*quoting Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.*, 812 F.2d 141, 144 (3d Cir.1987));

7. To prevail on either of their claims, Plaintiffs will have to show that Wright Manufacturing's conduct was the proximate cause of their injuries. *See Parr v. Ford Motor Co.*, 2014 PA Super 281, 109 A.3d 682, 689 (Pa. Super. Ct. 2014) (elements of strict liability design defect claim include proximate cause); *Berrier v. Simplicity Mfg., Inc.*, 563 F.3d 38, 61 (3d Cir. 2009) (*quoting Phillips v. Cricket Lighters,* 576 Pa. 644, 841 A.2d 1000 (2003)) (same for negligence claim);

8. Giving Plaintiff the benefit of all reasonable inferences, the undisputed facts leave room for the possibility that the design of the mower caused Mr. Gonzalez's injuries. In particular, as Plaintiffs point out in opposition to the Motion, nothing in the record establishes that Mr. Gonzalez's hand came in contact with the mower immediately upon Mr. Gonzalez hitting the ground. Indeed, if it took only .2 additional seconds for Mr. Gonzalez's hand to come in contact

with the mower's blades, then the total time would exceed the time that Messrs. Tarkanian and Galler opine that the blades could have stopped;

Accordingly, because there are genuine, material factual disputes that must be resolved at trial, it is **ORDERED** that the Motion for Summary Judgment (ECF No. 28) is **DENIED**.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.